**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy L. Rohrbaugh,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Barbara von Blanckensee,<br><br>　　　　　Defendant. | No. CV-20-00295-TUC-RCC (DTF)<br><br>**REPORT AND RECOMMENDATION** |

　　　On July 8, 2020, Randy Rohrbaugh ("Petitioner" or "Rohrbaugh") filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1.) Respondent filed their answer on February 4, 2021. (Doc. 17.) The Court notes that Barbara von Blanckensee was the warden of U.S. Penitentiary in Tucson, Arizona ("USP Tucson"). The Court takes judicial notice that the warden has changed since the Petition was filed and since Respondent filed its answer. The Court recommends substituting Barbara von Blanckensee with Danon Colbert, the current acting warden of USP-Tucson, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The time to reply has passed. (*See* Doc. 11 at 6.) Petitioner has not filed a reply or a request for an extension to file a reply. (*See* Dkt.) This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation. (Doc. 11 at 6.) As more fully set forth below, this Court recommends that the Petition be denied and dismissed.

**BACKGROUND**

In 2006, in the United States District Court for the Northern District of West Virginia Petitioner agreed to prosecution by information. Doc. 2 in *United States v. Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (N.D. W.Va. July 13, 2006). The court released Petitioner to home detention pending sentencing. Doc. 31 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (Aug. 22, 2006). In 2008, the United States District Court for the Northern District of West Virginia sentenced Petitioner to 220 months' incarceration and five years' supervised release for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. (Doc. 17-2 at 3.) In 2015, the court reduced Petitioner's term of imprisonment to 176 months. Doc. 229 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (Feb. 10, 2015). In 2017, the United States District Court for the Southern District of Illinois sentenced Petitioner to 6 months' imprisonment, consecutive to the West Virginia sentence. *United States v. Rohrbaugh*, 3:16-cr-30068-SMY-1 (S. D. Ill. May 25, 2017).

In February 2020, Bureau of Prisons (BOP) transferred Petitioner to U.S. Penitentiary in Tucson, Arizona USP Tucson. (Doc. 17-3 at 2.) Petitioner was assigned to the Special Housing Unit (SHU) from March 10 to March 26 and April 1 to December 28. *Id.* On December 28, 2020, BOP transferred Petitioner to another prison in another state. (Doc. 17-1 ¶ 8.)[1] On November 1, 2021, Petitioner was released from BOP custody; however, he is currently back in custody.[2] *See* https://www.bop.gov/inmateloc/ (search by BOP Register Number 05434-087) (last accessed July 15, 2022). Petitioner is currently under supervised release. *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (May 26, 2022).[3]

Petitioner raises three grounds for relief. (Doc. 1.) The District Court dismissed Ground One; thus, the Court will not reference it further. (Doc. 11 at 5.)

---

[1] The undersigned notes that Petitioner has failed to file and serve a notice of address change as required by LRCiv 83.3(d) and the Service Order (Doc. 11 at 4-5). (Dkt.)
[2] The Court takes judicial notice of this information pursuant to Fed. R. Evid. 201. *See Sevelis v. Unknown Party*, No. CV-21-00951-PHX-JAT (MTM), 2022 WL 1527312, at *2 n. 2 (D. Ariz. Apr. 22, 2022) (taking judicial notice of release date from BOP "inmate locator" website).
[3] Petitioner appears to be in custody on a supervised release violation. *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (May 26, 2022). This does not change the outcome.

In Ground Two, Petitioner alleges BOP violated his Fifth Amendment rights by failing to credit presentencing house arrest in his sentence calculation. (Doc. 1 at 5.) He explains the United States told the sentencing court BOP could "directly or via nunc pro tunc designation credit this time." *Id.* Petitioner claims BOP refused to credit this time. *Id.* He continues that, when his attorney asked the court for the time credit, the prosecutor stated on the record that the time "was left up to the decision of the BOP." *Id.* Petitioner argues this prevented "the judge from making a determination as to whether [he] should receive credit" for that time. *Id.*

In Ground Three, Petitioner asserts BOP has violated his Fifth Amendment rights because it has housed him in SHU without a hearing before a Segregation Review Official. *Id.* at 6. Petitioner seeks the District Court to "grant time on home confinement towards his overall sentence," "reinstate SRO hearings," and "order Petitioner released from SHU." *Id.* at 9.

**DISCUSSION**

*Jurisdiction*

Courts have a duty to consider their jurisdiction sua sponte. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019). Under § 2241, courts may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In this case, Petitioner challenges the lack of a required hearing during his time in SHU and the calculation of his sentence. (Doc. 1, 5-6.)

*SHU Claim*

The Court lacks jurisdiction over the SHU claim in Ground Three. The heart of habeas corpus is "immediate release or a speedier release from that confinement" with the door being left open as to whether § 2241 also includes conditions-of-confinement claims. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973); *see also Ziglar v. Abbasi*, 137 S. Ct.

1843, 1862-63 (2017); *Boumediene v. Bush*, 553 U.S. 723, 792 (2008); *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979).

A successful challenge in the SHU claim could not result in an accelerated release; in fact, Petitioner is requesting "reinstat[ing] SRO hearings for all USP Tucson inmates." (*See* Doc. 1 at 9 (requesting relieve from SHU and hearings).) Thus, while the Supreme Court has left open the door for conditions-of-confinement claims, these claims do not lay within the core of habeas. *See Preiser*, 411 U.S. at 498. Further, this SHU claim is akin to a challenge on a prisoner's classification, which is not cognizable in a habeas petition. *See Davidson v. McClintock*, No. CV-13-0530-TUC, 2014 WL 2921900, at *1 (D. Ariz. June 27, 2014) ("Claims which pertain to prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition.").

Hence, the Court lacks jurisdiction over Ground Three and will not consider it further.

*Calculation Claim*

The District Court has jurisdiction over the claim in Ground Two. Habeas provides jurisdiction over sentence-calculation claims. *See Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991). Habeas requires that the petitioner be in federal custody when the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Custody includes supervised release. *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). The "case-or-controversy" requirement is present through the proceedings. *Spencer*, 523 U.S. at 7. A case is moot when the court cannot grant any effectual relief. *Mujahid*, 413 F.3d at 994. Being released to supervised release does not automatically moot a habeas claim. *Id.* at 994-95. If there is the possibility that a sentencing court could reduce the term of supervised release, such as under 18 U.S.C. § 3583(e)(2), then the matter is not moot. *Id.* at 995.

Here, Petitioner was in federal custody when he filed his petition and continues to be in federal custody pursuant to his supervised release. The Court finds that there is a possibility that the sentencing court could reduce Petitioner's supervised release term. § 3583(e)(2); *see Mujahid*, 413 F.3d at 994-95. Thus, this matter is not moot, and the

District Court has jurisdiction over it.

*Exhaustion*

Before a court may consider the merits of a § 2241 petition, it must address exhaustion. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). To exhaust a § 2241 claim, the petitioner must exhaust all available judicial and administrative remedies, unless excused. *Id.* For § 2241 claims, the exhaustion requirement is prudential, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Exhaustion can be waived or excused when "pursuit of administrative remedies would be a futile gesture." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Although the Petitioner did not exhaust his administrative remedy (Doc. 17-1 ¶ 12, Doc. 17-5), the Court recommends excusing this failure because it would be a futile gesture. BOP's policy statement states that "a release condition that is 'highly restrictive,' and that includes 'house arrest', 'electronic monitoring' or 'home confinement' . . . is not considered as time in official detention." Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual-CCCA 41-42 (1999), https://www.bop.gov/policy/progstat/5880_028.pdf. Thus, it would have been futile for Petitioner to exhaust his administrative remedies because they would have certainly been denied per the regulation. *See Fraley v. U.S. BOP*, 1 F.3d 924, 925 (9th Cir. 1993) (excusing failure to exhaust in similar claim as futile because BOP's policy statement stated that "time spent on home confinement prior to sentencing [does not qualify] as official detention" (alteration in *Fraley*) (quoting Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual at 1–15 (1992))). Hence, the failure to exhaust may be excused.

The Court recommends excusing the exhaustion requirement and continuing to the merits of Ground Two. Nonetheless, this Court will recommend denying the petition on the merits.

**MERITS**

Petitioner argues that he should receive credit for the time he spent in home detention prior to being sentenced. (Doc. 1 at 5.)

Defendants shall receive credit for "official detention" prior to the date the sentence commences that is "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). The Attorney General, through BOP, must compute the credit under § 3585(b). *United States v. Wilson*, 503 U.S. 329, 334 (1992). Defendants are not entitled to sentence credit when they are released on bail pursuant to the Bail Reform Act of 1984 and ordered confined to a location because they are not in "official detention." *Reno v. Koray*, 515 U.S. 50, 52 (1995).

Here, on August 22, 2006, the district court placed Petitioner in home detention as a part of his release prior to sentencing. Doc. 31 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (Aug. 22, 2006). On March 21, 2007, the court amended the release conditions to remove home detention. Doc. 35 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (Mar. 21, 2007). On June 13, 2007, the court revoked Petitioner's release and remanded him to the custody of the United States Marshal. Doc. 50 at 3 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (June 14, 2007). On April 24, 2008, the court sentenced Petitioner to 220 months' incarceration—later reduced to 176 months'—and five years' supervised release for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. Docs. 96, 229 in *Rohrbaugh*, No. 2:06-CR-00019-TSK-MJA-1 (Apr. 24, 2008). Petitioner alleges that he did not receive credit for the period of home detention served prior to his sentencing. (Doc. 1 at 5.)

Petitioner argues he should receive credit for the period prior to being sentenced that he was released but confined to his home. (Doc. 1 at 5.) However, this was a release pursuant to the Bail Reform Act of 1984 and did not constitute "official detention." *See Koray*, 515 U.S. at 52. Because this period was prior to Petitioner's sentence being imposed, he cannot receive credit for this period. *See* § 3585(b). Therefore, this argument fails.

Further, Petitioner argues the sentencing court should have been able to determine whether he received credit for that period. (Doc. 1 at 5.) He is incorrect. It is the Attorney

General's responsibility to calculate his sentence, not the sentencing court. *See Wilson*, 503 U.S. at 334. Thus, Petitioner's claim fails on the merits. His petition should be denied and dismissed.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) SUBSTITUTING Danon Colbert, Acting Warden, as Respondent for Barbara von Blanckensee pursuant to Rule 25(d).

(2) DENYING and DISMISSING Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1).

(3) REQUIRING Clerk's Office to change Petitioner's address to:

FCI Hazelton
1640 Sky View Drive
Bruceton Mills, WV 26525

Pursuant to 28 U.S.C. § 636(b)(1) and 72(b)(2), Fed. R. Civ. P., any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. The Clerk of Court is directed to terminate the referral of this matter. Filed objections should bear the following case number: **4:20-cv-00295-TUC-RCC**.

Dated this 15th day of July, 2022.

Honorable D. Thomas Ferraro
United States Magistrate Judge